# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MONDRE POWELL, *individually, and on behalf of others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>TREADMAXX TIRE DISTRIBUTORS, Inc.<br><br>Defendant. | Civil Action File No.:<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Named Plaintiff Mondre Powell ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Complaint against Defendant Treadmaxx Tire Distributors, Inc. ("Defendants" or "Treadmaxx"), and alleges as follows:

### NATURE OF THE ACTION

1. This is a collective action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. In this collective action, Named Plaintiff alleges that Defendants willfully violated the FLSA by failing to pay Named Plaintiff and other similarly

situated employees 1.5 times their regular hourly rate of pay for all hours worked over 40 per workweek.

3. The proposed class that Named Plaintiff seeks to represent, and on behalf of whom Named Plaintiff files this collective action, consists of all individuals employed by Defendant as "Drivers" at any of Defendant's warehouses located within the United States at any time within three years preceding the filing of this Complaint (Named Plaintiff and all persons who consent to join this action are referred to collectively as "Plaintiffs").

## THE PARTIES

4. Defendant Treadmaxx is a Georgia corporation with its principal office address located at 2832 Anvil Block Road, Ellenwood, Georgia, 30294.

5. Treadmaxx may be served through its registered agent, Mark Kauffman, at 2832 Anvil Block Road, Ellenwood, Georgia 30294.

6. Named Plaintiff Mondre Powell worked for Defendant as a Driver within the three years preceding the filing of this Complaint.

7. Named Plaintiff consents in writing to join this action pursuant to 29 U.S.C. § 216(b). *See* Exhibit 1.

8. Other Drivers, who are similarly situated to Named Plaintiff, are interested in joining this collective action.

9. For example, Opt-in Plaintiffs Mark Berding, Mark Nido, and Avery Thomaston have filed consents to join this action. *See* Exhibits 2-4.

## JURISDICTION AND VENUE

10. Under 28 U.S.C. § 1331 this Court has jurisdiction over Plaintiffs' claims because the claims raise questions of federal law.

11. Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B) venue is proper in this division because at least one defendant resides in this division and a substantial part of the events or omissions giving rise to the claims occurred in this division.

12. Treadmaxx is subject to personal jurisdiction in this Court because it is a Georgia corporation with its principal office address located in Georgia and conducts substantial business in Georgia.

## TREADMAXX IS COVERED BY THE FLSA

13. Treadmaxx is an enterprise engaged in commerce or the production of goods for commerce.

14. Treadmaxx employs two or more individuals who engage in commerce, the production of goods for commerce or who handle, sell, or work with goods or materials that have moved in or were produced for commerce.

15. Treadmaxx employs two or more individuals who regularly communicate across state lines using the interstate mail and telephone while

performing their job duties.

16. Treadmaxx employs two or more individuals who regularly communicate across state lines using the internet while performing their job duties.

17. Treadmaxx's employees handle and use materials that have traveled through interstate commerce, such as computers, telephones, fax machines, tires, and automobiles while performing their job duties.

18. Treadmaxx employs two or more individuals who process credit card transactions while performing their job duties.

19. Treadmaxx's gross annual sales and business done for each of the three years preceding the filing of this Complaint exceeds $500,000.

## TREADMAXX EMPLOYS THE PLAINTIFFS

20. Treadmaxx employs the Plaintiffs within the meaning of the FLSA.

21. Treadmaxx has the authority to hire and fire the Plaintiffs.

22. Treadmaxx determines the employment policies applicable to Plaintiffs.

23. Treadmaxx has the authority to modify the employment policies applicable to Plaintiffs.

24. Treadmaxx determines how much, and in what manner, Plaintiffs are compensated.

25. Treadmaxx maintains the employment records, such as time and pay records, for Plaintiffs.

### FACTUAL ALLEGATIONS CONCERNING PLAINTIFFS' COMPENSATION AND JOB DUTIES

26. Treadmaxx is a tire distribution company that distributes tires across the United States from approximately 14 wholesale distribution facilities located in seven states.

27. Treadmaxx employs the Plaintiffs as "Drivers."

28. For example, Named Plaintiff worked for Treadmaxx as a Driver at Treadmaxx's warehouse in Atlanta, Georgia.

29. Opt-in Plaintiff Mark Berding worked for Treadmaxx as a Driver at Treadmaxx's warehouses located in Columbus, Ohio and Cincinnati, Ohio.

30. Opt-in Plaintiff Mark Nido worked for Treadmaxx as a Driver at Treadmaxx's warehouse located in Cleveland, Ohio.

31. As Drivers, Plaintiffs report to Defendant's warehouses each day to load trucks with Defendant's tires and drive Defendant's trucks to deliver tires to Defendant's customers.

32. Treadmaxx pays Plaintiffs an hourly wage for the hours Plaintiffs work.

33. For example, Treadmaxx paid Named Plaintiff $16.12 per hour.

34. Plaintiffs are non-exempt employees, entitled to 1.5 times their regular

hourly rate for all hours worked over 40 per workweek.

35. Plaintiffs frequently work more than 40 hours per workweek.

36. However, Treadmaxx does not pay Plaintiff's 1.5 times their regular hourly rate for all hours worked over 40 per workweek.

37. For example, Treadmaxx has a company-wide policy pursuant to which Treadmaxx automatically deducts a 30-minute lunch breaks from Plaintiffs' wages.

38. Due to the requirements of the job, Plaintiffs are frequently not able to take a lunch break and must work through their lunch breaks to complete their daily deliveries.

39. Treadmaxx knows that Plaintiffs frequently work through their lunch breaks because Treadmaxx monitors the location of the trucks driven by Plaintiffs and Treadmaxx knows when Plaintiffs are able to stop to take a lunch break and when they are not.

40. However, Treadmaxx deducts a 30-minute lunch break regardless of whether Plaintiffs actually take a lunch break.

41. Treadmaxx's company-wide policy results in Plaintiffs not receiving 1.5 times their regular hourly rates for all hours worked over 40 per workweek.

42. Treadmaxx also pays Plaintiffs safety bonuses when there are no accidents in Defendant's warehouses for a specified amount of time.

43. These bonuses are "non-discretionary" and must be included in Plaintiffs' "regular rate" of pay when calculating Plaintiffs' overtime wages.

44. However, because Defendants fail to record all hours Plaintiffs work, Defendants do not properly calculate Plaintiffs' "regular rate" of pay and fail to pay Plaintiffs 1.5 times their regular rate of pay for all hours worked over 40 per week.

45. By failing to pay Plaintiffs 1.5 times their regular hourly rates for all hours worked over 40 per workweek, Treadmaxx willfully violated the FLSA.

46. Due to Treadmaxx's willful violation of the FLSA, Plaintiffs are entitled to their unpaid overtime wages for a period of three years, liquidated damages in an amount equal to their unpaid overtime wages, and their attorney's fees and costs of litigation.

**COUNT 1: WILLFUL FAILURE TO PAY OVERTIME WAGES**

47. Treadmaxx employs the Plaintiffs as Drivers.

48. Treadmaxx knows that Plaintiffs are frequently unable to take a lunch break but automatically deducts a 30-minute lunch break from Plaintiffs' wages even when Plaintiffs are not able to take a lunch break.

49. By automatically deducting a 30-minute lunch break from Plaintiffs' wages, Treadmaxx fails to pay Plaintiffs 1.5 times their regular hourly rates for all hours worked over 40 per workweek.

50.     By failing to pay Plaintiffs 1.5 times their regular hourly rates for all hours worked over 40 per workweek, Treadmaxx willfully violated the FLSA.

51.     Accordingly, Plaintiffs are entitled to their unpaid overtime wages, an equal amount in liquidated damages, and their attorney's fees and costs of litigation.

## DEMAND FOR JUDGMENT

Plaintiffs respectfully request that the Court:

I.      Conditionally certify this case as a collective action under 29 U.S.C. § 216(b) and approve the issuance of a notice of this lawsuit to similarly situated collective action class members informing them of their right to join this action;

II.     Declare that Defendant's actions, policies, and practices violated, and continue to violate, the rights of Named Plaintiff and others similarly situated under the FLSA;

III.    Declare that Defendant's violation of the FLSA is willful;

IV.     Award Named Plaintiff and others similarly situated all unpaid wages for a period of three years;

V.      Award Named Plaintiff and others similarly situated liquidated damages in an amount equal to their unpaid wages;

VI.     Award Named Plaintiff and others similarly situated their reasonable attorneys' fees, costs, and expenses; and

VII. Award all other relief to which Named Plaintiff and others similarly situated may be entitled.

## DEMAND FOR TRIAL BY JURY

Named Plaintiff, on behalf of himself and others similarly situated, requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Filed: July 29, 2021.

| | |
|---|---|
| **PARKS, CHESIN & WALBERT, P.C.**<br>75 Fourteenth Street<br>26th Floor<br>Atlanta, Georgia 30309<br>Phone: 404-873-8000<br>Fax: 404-873-8050<br><br>*Counsel for Plaintiffs* | */s/ Dustin L. Crawford*<br>Dustin L. Crawford<br>Georgia Bar No. 758916<br>dcrawford@pcwlawfirm.com<br>John L. Mays<br>Georgia Bar No. 986574<br>jmays@pcwlawfirm.com |