# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Defendant Treadmaxx Tire Distributors, Inc. ("Defendant") on the one hand and Plaintiff Mondre Powell ("Powell") on the other hand, acting for and on behalf of himself and the other Opt-In Plaintiffs (collectively the "Parties") for the complete and final settlement of the claims asserted by Plaintiffs in the lawsuit filed against Defendant in the United States District Court for the Northern District of Georgia, Atlanta Division alleging willful failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), captioned *Mondre Powell, on behalf of himself and others similarly situated, v. Treadmaxx Tire Distributors, Inc.* Civ. Action No. 1:21-cv-03062-SDG, which is currently proceeding as a conditionally certified collective action (the "Litigation").

WHEREAS, Plaintiff and the Opt-in Plaintiffs he represents (the "Class"), each of whom is identified individually on Exhibit 1, filed Consent Forms to join the Litigation and, thereby, agreed to be bound by the terms of any settlement entered into by Plaintiff on behalf of the Class;

WHEREAS, the Parties desire to resolve the claims asserted in the Litigation by Plaintiff, on behalf of himself and the Class, for alleged violations of the FLSA, including claims for unpaid wages, liquidated damages, and attorneys' fees, costs, and expenses (the "FLSA Claims"); and

WHEREAS, the Parties recognize the substantial risk and expense of obtaining a final judgment by continuing the Litigation, the outcome of which remains uncertain, have entered into this Agreement to bring about such resolution;

NOW, THEREFORE, the Parties, intending to be legally bound by the terms of this Agreement in exchange for the good and valuable consideration as set forth herein, agree as follows:

**1.     Settlement Payment.**  To resolve the Claims asserted in the Litigation, and in consideration for the promises and covenants set forth in this Agreement, Defendants shall pay the total amount of $190,191.09 ("Settlement Payment") within 10 days after the Court approves this Agreement. The Settlement Payment shall be allocated as follows, and checks shall be issued in the amounts indicated in Exhibit 1:

> (a) $110,991.09 as unpaid overtime and liquidated damages, distributed and issued to the Class as set forth in Exhibit 1,

which provides the amount of each check to be issued to each member of the Class and whether the amount paid on each check will be reported on an IRS Form W-2 (and subject to payroll tax withholding) or reported on an IRS Form 1099 (not subject to payroll tax withholding);

(b) $3,200.00 as service payment to Powell, distributed and issued as set forth in Exhibit 1 and reported on an IRS Form 1099; and

(c) $76,000, made payable and issued to Parks, Chesin and Walbert, P.C., at their offices at 75 14th Street NE, Suite 2600, Atlanta, Georgia 30309, and reported on an IRS Form 1099. Parks, Chesin and Walbert agrees to promptly provide a completed IRS Form W-9 to counsel for the Defendants after execution of this Agreement.

**2. Release and Dismissal of FLSA Claims.** In consideration of the foregoing, Plaintiff, for and on behalf of himself and the other Opt-In Plaintiffs in the Class and each of their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors in interest, and assigns, do hereby knowingly and voluntarily release and forever discharge Defendant and its corporate parents, including specifically U.S. Venture, Inc., and their subsidiaries, divisions and affiliated entities and the current and former employees, shareholders, officers, partners, agents, officials, insurers and attorneys of the above-referenced entities (each a "Released Party" and collectively "Released Parties") that arise out of, concern, or relate to their compensation while they were employed by any of the Released Parties, including state and federal claims for unpaid minimum wage and overtime compensation and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses; provided, however, that this Agreement does not waive rights or claims that may arise in the future based on acts or events that occur after the Execution Date. Within 10 days after the Settlement Payment is received by Plaintiffs' counsel, Plaintiff will file a joint stipulation of dismissal with prejudice for and on behalf of himself and the other Opt-In Plaintiffs in the Class.

**3. Court Approval.** The Parties agree to submit the Agreement for review and approval by the District Court by filing a Joint Motion for Settlement Approval within 10 days after this Agreement is executed. If the Court rejects any of the terms of this Agreement, the Parties agree to confer

in good faith to modify the rejected terms and to submit the revised agreement to the Court for approval.

  **4.** **No Admission of Liability.** This Agreement is entered into to compromise and settle the disputed Claims, without any acquiescence, acknowledgement, or agreement by Defendants (or any Released Party) as to the merit of any actions, causes of action, suits, debts, dues, sums of money, accounts, damages, expenses, attorney's fees, costs, punitive damages, penalties, judgments, claims or demands released herein.  Neither this Agreement nor any part thereof may be used as an admission of liability. The Defendants specifically deny that they or any Released Party committed any violation or wrongdoing of the FLSA.

  **5.** **Basis for Settlement.** The Parties acknowledge and agree that the terms of this Agreement are, and have been agreed to, for their mutual convenience, in part to avoid the expense, distraction, risk and uncertainty of continuing the Litigation, which involves a bona fide dispute with respect to liability and damages under the FLSA.  The Parties also acknowledge and agree that they have relied entirely on their own judgment, belief and knowledge and the advice and recommendations of their counsel, and, accordingly, except as set forth herein, shall not deny or challenge the validity of this Agreement.

  **6.** **Successors and Assigns.** This Agreement shall be binding upon and inure to the benefit of the Parties and their heirs, executors, administrators, conservators, assigns, successors, beneficiaries, employees and agents, and all other persons asserting claims by, on behalf of, or through them based or founded upon any of the Claims released herein.

  **7.** **Severability.** In the event that any term, covenant, condition, agreement, section or provision hereof shall be deemed invalid or unenforceable, this Agreement shall not terminate or be deemed void or voidable, but shall continue in full force and effect, and there shall be substituted for such stricken provision a like but legal and enforceable provision which most nearly accomplishes the intention of the Parties.

  **8.** **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties regarding the subject matter set forth herein and all prior agreements, contracts, statements, understandings, negotiations, representations or warranties regarding such subject matters are expressly superseded and merged herein.  Except as set forth in this Agreement, no Party has relied upon the representations of any other Party

to induce them to enter into this Agreement. It is expressly understood and agreed that this Agreement may not be altered, amended, waived, modified or otherwise changed in any respect or particular whatsoever except by writing duly executed by authorized representatives of the Parties.

**9.    Waiver.**  Failure by any Party to insist upon strict performance of any provision herein by any other Party shall not be deemed a waiver by such Party of his/her or its rights or remedies or a waiver by it of any subsequent default by such other Party, and no waiver shall be effective unless it is in writing and duly executed by the Party entitled to enforce the provision being waived.

**10**.    **Taxes**.   Neither Party, nor their attorneys, makes any representation as to the tax consequences, if any, of the provisions of this Settlement Agreement.

**11.    Counterparts.**   This Agreement may be executed simultaneously in one or more counterparts, any of which shall be deemed an original, and all of which together shall constitute one and the same instrument, notwithstanding that all Parties are not a signatory to the original or the same counterpart. Facsimile or electronic signatures shall be treated as originals.

**12.    Parties Authorities.**  The signatories hereby represent that they are fully authorized to enter into this and bind the Parties hereto to the terms and conditions hereof.

In witness of the foregoing, and knowingly and voluntarily intending to be bound by the terms of this Agreement, the Parties execute this Agreement as of the last date set forth below.

| **PLAINTIFF, ON BEHALF OF HIMSELF AND THE CLASS** | **TREADMAXX TIRE DISTRIBUTORS, INC.** |
|---|---|
| _____ Signature | _____ Signature |
| _____ Print Name | _____ Print Name |
| _____ Date | _____ Date |

# **EXHIBIT 1 – PAYMENT BREAKDOWN**

| Plaintiffs | Overtime Wages--To be paid as W-2 Wages | Liquidated Damages--To be paid as 1099 liquidated damages | Total Compensation |
|---|---|---|---|
| Andrew Hargis | $ 2,845.42 | $ 2,845.42 | $ 5,690.85 |
| Jimmy John Elwell | $ 1,824.62 | $ 1,824.62 | $ 3,649.25 |
| Timothy Hill | $ 1,908.95 | $ 1,908.95 | $ 3,817.90 |
| Darren Gibson | $ 1,216.36 | $ 1,216.36 | $ 2,432.73 |
| Edwin Sanchez | $ 540.78 | $ 540.78 | $ 1,081.56 |
| Desmond Smith | $ 250.00 | $ 250.00 | $ 500.00 |
| Jason Turner | $ 50.00 | $ 50.00 | $ 100.00 |
| Carlos Edwards | $ 250.00 | $ 250.00 | $ 500.00 |
| Mark Berding | $ 279.90 | $ 279.90 | $ 559.80 |
| Brian Lewis | $ 2,771.47 | $ 2,771.47 | $ 5,542.94 |
| Stevie Huff | $ 660.18 | $ 660.18 | $ 1,320.36 |
| Richard Sampsell | $ 519.08 | $ 519.08 | $ 1,038.17 |
| Charles Steptoe | $ 50.00 | $ 50.00 | $ 100.00 |
| William Minges | $ 677.45 | $ 677.45 | $ 1,354.91 |
| Richard Wayne Turner | $ 2,012.91 | $ 2,012.91 | $ 4,025.83 |
| John Holt | $ 250.00 | $ 250.00 | $ 500.00 |
| Thomas Provateare | $ 3,292.71 | $ 3,292.71 | $ 6,585.42 |
| John Tyler | $ 264.76 | $ 264.76 | $ 529.52 |
| Joseph Wiley | $ 250.00 | $ 250.00 | $ 500.00 |
| Mark Nido | $ 1,515.00 | $ 1,515.00 | $ 3,030.00 |
| Paul Siders | $ 50.00 | $ 50.00 | $ 100.00 |
| Curtis Jowers | $ 730.08 | $ 730.08 | $ 1,460.16 |
| Johnny Green III | $ 250.00 | $ 250.00 | $ 500.00 |
| Joaquin De Jesus Garcia-Tovar | $ 824.13 | $ 824.13 | $ 1,648.26 |
| Henry Woody | $ 250.00 | $ 250.00 | $ 500.00 |
| Paris Settles | $ 1,112.09 | $ 1,112.09 | $ 2,224.19 |
| Stefan Blackstock | $ 1,501.73 | $ 1,501.73 | $ 3,003.45 |
| Dion Maxwell | $ 750.75 | $ 750.75 | $ 1,501.50 |
| Ezequiel Perez Navarro | $ 444.33 | $ 444.33 | $ 888.66 |
| Gregg Barle | $ 2,821.12 | $ 2,821.12 | $ 5,642.24 |
| Truman Thompson (Truman Vern | $ 250.00 | $ 250.00 | $ 500.00 |
| Scott Krause | $ 3,848.48 | $ 3,848.48 | $ 7,696.96 |
| Vashti Brown | $ 652.46 | $ 652.46 | $ 1,304.92 |
| Benigno Nieves | $ 856.27 | $ 856.27 | $ 1,712.54 |
| Ronald Batiste | $ 1,567.34 | $ 1,567.34 | $ 3,134.68 |
| Jesse Olivas | $ 808.65 | $ 808.65 | $ 1,617.29 |
| Don Taylor | $ 50.00 | $ 50.00 | $ 100.00 |
| Paul Baker | $ 914.29 | $ 914.29 | $ 1,828.58 |
| Robert Muhammad | $ 1,353.14 | $ 1,353.14 | $ 2,706.28 |
| Conrad Bailey | $ 445.69 | $ 445.69 | $ 891.37 |
| Curtis Smith | $ 3,086.48 | $ 3,086.48 | $ 6,172.95 |
| Richard Cifra | $ 3,536.53 | $ 3,536.53 | $ 7,073.06 |

| Name | | | | | |
|---|---|---|---|---|---|
| Richard Furnish | $ | 50.00 | $ | 50.00 | $ | 100.00 |
| Jon Klebowski | $ | 2,197.85 | $ | 2,197.85 | $ | 4,395.69 |
| Michael Crozier | $ | 2,977.83 | $ | 2,977.83 | $ | 5,955.67 |
| Avery Thomaston | $ | 1,540.54 | $ | 1,540.54 | $ | 3,081.08 |
| Mondre Powell | $ | 1,196.18 | $ | 1,196.18 | $ | 2,392.37 |
| Mondre Powell Service Payment | | | $ | 3,200.00 | $ | 3,200.00 |